IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Prospect Funding Holdings, LLC,

           Plaintiff,      Case No. 1:19-cv-00844

v.                               Michael L. Brown
                               United States District Judge

Jerry Pilgrim, et al.,

           Defendants.

_____/

## ORDER

Plaintiff Prospect Funding Holdings, LLC, sued Defendants Jerry Pilgrim, his law firm The Pilgrim Law Group, LLC, and Carrollton Jewelry and Pawn, LLC, seeking damages for an assortment of claims arising out of a litigation funding agreement. (Dkts. 1 at 2; 31.) Defendants assert counterclaims against Plaintiff and all parties have each filed several motions. The Court issues this order ruling on each of the nine pending motions.

### I.    Factual Background

Because the Court finds Defendants' motions baseless, moot, or procedurally improper at this time and because discovery has not yet

gotten underway, the Court keeps its discussion of the facts summarily brief.

Plaintiff Prospect Funding Holdings made a series of cash transfers under a litigation funding agreement to Howard Vinson, a plaintiff in an auto accident personal injury lawsuit. (Dkt. 31 at 2.) At the time of the transfers, the Atlanta-based Law Office of Neil Flit represented Mr. Vinson. (*Id.*) The Law Office of Neil Flit continued to represent Mr. Vinson until just before settling the personal injury case, when Vinson substituted as his new counsel Defendants Jerry Pilgrim and The Pilgrim Law Group, LLC (together, "the Pilgrim Defendants"). (*Id.* at 2–3.)

When Plaintiff discovered this late switch, it promptly notified Defendant Jerry Pilgrim of the litigation funding agreement — which included a provision binding subsequent attorneys for the funded party. Plaintiff provided him with copies of the agreement and advised him of its priority lien in the event of any recovery. (*Id.* at 3.) Mr. Vinson likewise confirmed this to be the case with the Pilgrim Defendants. (*Id.*) The case then settled, and Defendant Jerry Pilgrim's attorney trust account received the settlement proceeds. (*Id.*)

Despite having actual knowledge of Plaintiff's priority lien, however, the Pilgrim Defendants turned around and disbursed a portion of the settlement proceeds directly to Mr. Vinson. Plaintiff alleges that they also paid off a sizable payday loan that a local pawnshop, Defendant Carrollton Jewelry and Pawn, LLC, had issued to him. Yet none of the Defendants disbursed a penny of the settlement proceeds to Plaintiff. (*Id.*)

Plaintiff alleges the Pilgrim Defendants entered into their arrangement with Vinson for the purpose of targeting the settlement funds, in a "staggeringly unethical bait-and-switch scheme." (*Id.* at 1, 4.) Plaintiff alleges they did this either to reimburse the Pilgrim Defendants for their earlier representation of Vinson in a criminal matter or to help repay Carrollton Jewelry — which Plaintiff alleges is owned and run by prominent friends of the Pilgrim Defendants — for the earlier payday loan to Vinson. (*Id.* at 2–3.)

Plaintiff first sued Mr. Vinson, Defendant Jerry Pilgrim, and Mr. Vinson's prior attorneys in federal court in New York. (*Id.* ¶ 60.) The district court ultimately dismissed Defendant Jerry Pilgrim under Rule 12(b)(2) for lack of personal jurisdiction. (*Id.* ¶ 69.)

Based on the information and documents available to date and following a demand letter to which none of the Defendants responded, Plaintiff then filed its complaint here in Georgia where all Defendants reside. This time Plaintiff sued not only Defendant Jerry Pilgrim, but also his law firm Defendant Pilgrim Law Group, and added Defendant Carrollton Jewelry. (Dkts. 1; 31.) Plaintiff alleges claims of conversion, money had and received, breach of the funding agreements and the implied covenant of good faith and fair dealing, unjust enrichment, tortious interference, fraudulent transfers, and conspiracy, along with a claim for attorneys' fees and expenses. (Dkt. 31.)

In conjunction with their answer to Plaintiff's complaint, the Pilgrim Defendants also filed a motion to dismiss, a motion for summary judgment, and a motion to transfer venue to the Newnan Division of this district. (Dkts. 12; 13; 14; 15.) They also asserted a counterclaim against Plaintiff for sanctions. (Dkt. 9 ¶¶ 133–138.) Defendant Carrollton Jewelry also moved to transfer venue to the Newnan Division and to adopt its codefendants' motions. (Dkts. 24; 25.) Plaintiff moves to dismiss all counterclaims against it and seeks Rule 11 sanctions against the Pilgrim Defendants for what it contends is a "blatantly premature,

unsupported, and contradictory Motion for Summary Judgment." (Dkt. 38 at 1.)

## II. Legal Standard

### A. Motion to Dismiss

A court may dismiss a pleading for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Even so, a complaint offering mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Put another way, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This so-called "plausibility

5

standard" is not a probability requirement. But the plaintiff must allege enough facts so that it is reasonable to expect that discovery will lead to evidence supporting the claim. *Id.*

## B.   Motion for Transfer of Venue

Under 28 U.S.C. § 1404, a district court may, "[f]or the convenience of the parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought." § 1404(a).

Section 1404(a) is a discretionary provision, the purpose of which is to "prevent the waste of time, energy[,] and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). The burden rests with the moving party to establish that venue should be transferred. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

In considering the various relevant factors, "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen*, 376 U.S. at 645–46. A court thus should not transfer venue "[u]nless the balance is

strongly in favor of the defendant," otherwise "the plaintiff's choice of forum should rarely be disturbed."  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

## III. Discussion & Analysis

### A.   Defendants' Motions (Dkts. 12; 13; 14; 15; 24; 25)

#### 1.   The Pilgrim Defendants' Motion for Summary Judgment (Dkts. 12; 13)

The Pilgrim Defendants moved for summary judgment a mere seven days after being served with Plaintiff's complaint. (Dkt. 9.) At this time, the parties have conducted no discovery and the Court has in fact stayed all discovery pending its ruling on these motions.  (Dkt. 19.)  In response to the summary judgment motion, Plaintiff filed a motion under Federal Rule of Civil Procedure 56(d) and submitted declarations arguing that the summary judgment motion should be denied as "blatantly premature."  (Dkt. 35 at 2.)

While a party may file a motion for summary judgment "at any time until 30 days after the close of all discovery," the Court agrees with Plaintiff and finds the Pilgrim Defendants' motion for summary judgment premature.  *See* FED. R. CIV. P. 56(b).  "The law in [the Eleventh] [C]ircuit is clear: the party opposing a motion for summary

7

judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997). No such opportunity has yet to occur here. The Court thus denies the motion for summary judgment under Rule 56(d). *See* FED. R. CIV. P. 56(d)(1) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it.").

### 2. The Pilgrim Defendants' Motion to Dismiss (Dkt. 15)

Along with the motions for summary judgment and to transfer venue, the Pilgrim Defendants also move to dismiss "[u]nder Federal Rule of Civil Procedure . . . Rule 8(c)(1), and O.C.G.A. § 9–1–8(c) of the Georgia 'Civil Practice Act,'" arguing that res judicata and collateral estoppel bar the case. (Dkt. 15 at 1.) Neither of those rules creates a basis for a motion to dismiss in this matter, however. And res judicata and collateral estoppel are both affirmative defenses, neither of which is an appropriate ground for dismissal at this stage. *See* FED. R. CIV. P. 12(b); *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) ("[G]enerally, the existence of an affirmative defense will not support a

8

rule 12(b)(6) motion to dismiss for failure to state a claim."). The Pilgrim Defendants do not cite Rule 12(b)(6), let alone argue why their motion should be an exception to this general Eleventh Circuit rule.

Finally, the Court notes that Plaintiff's amendment to its complaint should moot any of Defendants' attempts to attack the original complaint. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). Based on this added reason, the Court finds no basis to grant the Pilgrim Defendants' motion to dismiss and thus denies it.

Because the Court denies the Pilgrim Defendants' motion to dismiss, the Court likewise denies as moot Defendant Carrollton Jewelry's motion to adopt its codefendants' motion to dismiss. (Dkt. 25.)

### 3. Defendants' Motions Regarding Venue Transfer (Dkts. 14; 24)

All Defendants seek to have this matter transferred to the Newnan Division, arguing that it would be more convenient for them and that they would receive a trial more quickly in that division. (Dkts. 14-1 at 5; 24 at 5.) Plaintiff contends this request is merely a delay tactic and that venue is proper in the Atlanta Division. (Dkt. 33 at 1.) The Court agrees.

Although Plaintiff's amended complaint technically moots any motions to dismiss filed before it, for the record and to eliminate any possible confusion in the future, the Court holds that venue is proper in this division of the district and declines to exercise its discretion to transfer the matter to the Newnan Division. *See* 28 U.S.C. § 1404(a), (b). Defendants have failed to meet their burden to establish that the Court should transfer the case, particularly given Defendant Pilgrim Law's contacts with not only this division generally but also its involvement with bringing and defending cases in this particular courthouse. (*See* Dkt. 33 at 8.) The Court finds transfer unnecessary and thus exercises its discretion to deny both motions for transfer of venue. (Dkts. 14; 24.)

   B.   **Plaintiff's Motions (Dkts. 36; 37; 38)**

      1.   **Motion to Dismiss the Pilgrim Defendants' Counterclaim for Sanctions (Dkt. 36)**

Plaintiff moves under Rule 12(b)(6) to dismiss the Pilgrim Defendants' counterclaim against it for sanctions. (Dkt. 36.) The Pilgrim Defendants did not respond to Plaintiff's motion. The Court thus may consider it unopposed. *See* LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). But the Court also notes that there is no standalone cause of action for "sanctions,"

whether under 28 U.S.C. § 1927, Rule 11, or the Court's inherent power, as the Pilgrim Defendants assert. (*See* Dkt. 9 ¶ 133.)

Rule 11 makes this clear: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c). If anything, the Pilgrim Defendants might file a *motion* for sanctions against Plaintiff, but not a *counterclaim* on this basis. The Pilgrim Defendants have thus failed to state a claim upon which relief may be granted. The Court grants Plaintiff's motion to dismiss the Pilgrim Defendants' counterclaim. (Dkt. 36.)

### 2. Motion to Dismiss Defendant Carrollton Jewelry's Counterclaims (Dkt. 37)

Plaintiff moves to dismiss Defendant Carrollton Jewelry's four counterclaims. (Dkt. 37.) In opposition, Defendant Carrollton Jewelry argues that it has sufficiently alleged the factual basis for its claims against Plaintiff. (Dkt. 39 at 16.) The Court disagrees.

Defendant Carrollton Jewelry first alleges a counterclaim of "Plaintiff's frivolous litigation by inflating the amount in controversy." (Dkt. 21 ¶¶ 128–132.) As Plaintiff would characterize it, this count "quibbles only with the amount of Plaintiff's damages, not whether

11

Plaintiff was damaged." (Dkt. 37-1 at 8.) The continuing interest provisions of Plaintiff's litigation funding contracts support Plaintiff's damages figure. And Plaintiff alleges more than $200,000 in total damages, far exceeding the $75,000 threshold for federal diversity jurisdiction. (Dkt. 31 at 41.) But regardless, a "quibble" with the amount of damages Plaintiff has suffered does not justify a separate *counterclaim* against Plaintiff. As to Count One, the Court grants Plaintiff's motion to dismiss.

Defendant Carrollton Jewelry next alleges tortious interference with its business relations with Mr. Vinson. (Dkt. 21 ¶¶ 133–141.) But by the way Carrolton Jewelry has characterized its allegations, the counterclaim appears to be more of a defense against Plaintiff's claims rather than a substantive counterclaim. The allegations also attest that Defendant Carrollton Jewelry received the full amount of its loan to Mr. Vinson, meaning it suffered no damages. (*Id.* ¶ 99.) Again, the Court finds that this counterclaim fails to state a claim for relief and is due to be dismissed.

Defendant Carrollton Jewelry next alleges in Count Three that Plaintiff fraudulently procured its sworn testimony during the New York

litigation. (*Id.* ¶¶ 142–148.) The factual basis for this claim appears to be a deposition that Plaintiff scheduled — and that Defendant Carrollton attended — but then Plaintiff never appeared. (*Id.* ¶ 144.) Plaintiff explains that "there apparently was some confusion between Carrollton Jewelry and Pawn and Plaintiff's former counsel regarding the scheduling of a deposition, but that is legally irrelevant." (Dkt. 37-1 at 11.) The Court agrees. These allegations do not serve as the basis for a cause of action and are due to be dismissed under Rule 12(b)(6).

And for the same reasons that the Court dismisses the Pilgrim Defendants' counterclaim for sanctions, the Court likewise finds Defendant Carrollton Jewelry has failed to state a claim for relief in seeking "sanctions" in Count Four of its counterclaims. (*See* Dkt. 21 ¶¶ 149–151.) The Court grants Plaintiff's motion and dismisses each of Defendant Carrollton Jewelry's counterclaims.

### 3. Motion for Sanctions (Dkt. 38)

As a result of what it considers to be "an initial flurry of improper motions" and dilatory tactics and harassment, Plaintiff seeks Rule 11 sanctions against the Pilgrim Defendants. (Dkt. 38-1 at 7.) Neither of the Pilgrim Defendants responded to Plaintiff's motion. While the Court

13

has now found each of Defendants' motions meritless, the Court finds sanctions unwarranted at this time and declines to impose them. If, however, Plaintiff later finds more substantial evidence of sanctionable behavior on behalf of any of the Defendants, it may renew its motion for Rule 11 sanctions.

## IV.  Conclusion

The Court **DENIES** Defendants Jerry Pilgrim and the Pilgrim Law Group, LLC's Motion for Summary Judgment (Dkts. 12; 13).

The Court **DENIES** Defendants Jerry Pilgrim and the Pilgrim Law Group, LLC's Motion to Dismiss (Dkt. 15).  Because the Court denies that motion, the Court **DENIES AS MOOT** Defendant Carrollton Jewelry and Pawn, LLC's Motion to Adopt Co-Defendant's Motion to Dismiss (Dkt. 25).

The Court **DENIES** Defendants Jerry Pilgrim and the Pilgrim Law Group, LLC's Motion to Change Venue (Dkt. 14) and **DENIES** Defendant Carrollton Jewelry and Pawn, LLC's Motion to Transfer Venue (Dkt. 24).

The Court **GRANTS** Plaintiff Prospect Funding Holdings, LLC's Motion to Dismiss Pilgrim Defendants' Counterclaim (Dkt. 36) and **GRANTS** its Motion to Dismiss Carrollton Jewelry and Pawn, LLC's

Counterclaim (Dkt. 37). The Court, however, **DENIES** Plaintiff's Motion for Sanctions (Dkt. 38) at this time.

The Court previously stayed discovery until twenty-one (21) days after the Court issued its rulings on the pending motions. (Dkt. 19.) The Court thus **LIFTS** the stay on discovery effective January 2, 2020. The Court **ORDERS** the parties to file their joint preliminary report and discovery plan (the "Plan") no later than January 3, 2020. The Court **SETS** a hearing for January 9, 2020, at 10:00 a.m., to take place before the Honorable Michael L. Brown, in Courtroom 1906, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. At the hearing, the Court intends to discuss the Plan and how it expects the parties to proceed during discovery.

**SO ORDERED** this 12th day of December, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE